UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Protective Life Insurance Company, | Civil No. 12-0582 (JRT/JJG) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Sheila I. Kridner, Karen M. Roberts, Lisa A. Curtis, and Cynthia L. Goergen, | |
| Defendants. | |

JEANNE J. GRAHAM, United States Magistrate Judge

Plaintiff Protective Life Insurance Company ("Plaintiff") initiated this action for an adjudication of the right to the proceeds of Thomas Kridner's life insurance policy. Thomas Kridner's former spouse, Sheila I. Kridner ("Kridner"), claims she is entitled to the proceeds, as do Thomas Kridner's daughters from a previous marriage, Karen M. Roberts, Lisa A. Curtis, and Cynthia L. Goergen (collectively, "the Daughters"). This Court convened a settlement conference in this matter on August 26, 2013, pursuant to a Notice of Settlement Conference (ECF No. 53). Kridner was present at the settlement conference, but the Daughters did not appear and gave no notice of their intended absence. Further, prior to the settlement conference, numerous attempts to contact the Daughters failed, and their counsel withdrew due to lack of communication from them. As set forth below, the Court recommends that default judgment be entered in favor of Kridner.

I.  Background

This is a statutory interpleader action filed by Plaintiff pursuant to 28 U.S.C. § 1335(a), arising out of competing claims to the proceeds of a life insurance policy ("the Policy") issued to

1

Thomas Kridner on May 28, 1983. (Compl. ¶¶ 6, 10, Mar. 6, 2012, ECF No. 1.) The Policy lists Thomas Kridner's spouse, Kridner, as the Policy's sole beneficiary. (*Id.*, Ex. A.) Thomas Kridner and Kridner later divorced in Idaho on April 23, 1986; however, Kridner remained listed as the Policy's sole beneficiary. (Heyerdahl Aff., Ex. D, Aug. 3, 2012, ECF No. 38; Compl. ¶ 13.) Thomas Kridner died in California on July 29, 2011. (Heyerdahl Aff., Ex. C; Compl. ¶ 12.) Kridner claimed a right to the Policy's proceeds as its named beneficiary. (Compl., Ex. E.) The Daughters also each claimed a one-third share of the Policy because they believed California probate law did not give Kridner a right to the Policy's proceeds. (Compl., Ex. E.) Because Kridner and the Daughters did not reach an agreement, Plaintiff commenced this action to adjudicate the correct beneficiary of the Policy's proceeds.

On June 4, 2012, with the Court's permission, Plaintiff deposited the disputed amount, $107,649.45, into the Court's registry and was discharged of liability for the funds. (ECF Nos. 24, 25.) Plaintiff later moved for an award of attorneys' costs and fees and was granted $6,564.55 from the deposited amount (Order at 22, Mar. 27, 2013, ECF No. 51), leaving a balance of $101,084.90, plus interest, in the account.

Less than one month prior to a potential trial date, on January 23, 2013, the attorney for the Daughters, Glenn P. Bruder ("Bruder"), moved to withdraw due to lack of communication from the Daughters. (Mot. to Withdraw as Attorney, Jan. 23, 2013, ECF No. 42.) In the accompanying affidavit, Bruder alleged that:

1. On October 26, 2012, Bruder spoke with Defendant Karen Roberts, and at that time "she promised to provide [Bruder] with documents and witnesses able to support the claims made by Roberts and her sisters . . . no later than October 31, 2012." (Bruder Aff. ¶ 7, Jan. 23, 2013, ECF No. 43.)

2. On November 5, 2012, Bruder wrote to the Daughters asking them to contact him regarding the status of the litigation. (*Id.*, Ex. 3.) In the letter, he explained that because he had not yet received a response from them, he was unable to respond to Kridner's discovery requests by the scheduled due date. (*Id.* ¶ 8.) He concluded by stating that he would "have no choice but to file a motion that [he] be discharged as [their] attorney" if they failed to contact him within ten days. (*Id.*, Ex. 3.)

3. Bruder's subsequent attempts to reach Roberts by telephone were unsuccessful. (*Id.* ¶ 8.)

4. On January 10, 2013, Bruder sent a letter to Roberts reiterating that he had "not had any communication with [Roberts] for several months." (*Id.*, Ex. 4.) He concluded the letter by asking that she contact him immediately to discuss the case and stated that if she did not contact him, he would seek permission to withdraw from representation. (*Id.*)

5. Bruder received no communication from the Daughters since the October 26 discussion with Karen Roberts. (*Id.* ¶ 10.)

On February 28, 2013, this Court granted the motion to withdraw, finding that "Bruder has given his clients appropriate notice of his intent to withdraw and has shown good cause based on a breakdown in the attorney-client relationship and a breakdown in communication." (Order at 2, Feb. 28, 2013, ECF No. 50.)[1] The Court gave the Daughters until March 20, 2013 to obtain new counsel or to notify the Court of their intention to proceed *pro se*. The March 20 deadline passed without any communication by the Daughters. In fact, there has been no contact

---

[1] The Court ordered the Clerk of Court to send a copy of the Order to the Daughters, as well as ordered Bruder to send a letter with a copy of the Order. The subsequent order contained a typographical error for Defendant Goergen's address, stating Roseville, MN, rather than Roseville, MI. However, the Order had the correct zip code for Roseville, MI, and it directed the Clerk's Office to send the Order to the last known address of the Daughters, which was the Michigan address. Moreover, Bruder was required to send a copy of the Order to the Daughters' addresses he had on file. Thus, the Court is confident the Daughters received the Court's Order.

3

from them since Bruder withdrew, and, to the knowledge of the Court, they have not hired a new attorney.

On July 22, 2013, this Court issued a Notice of Settlement Conference to the Daughters and Kridner. (Notice of Settlement Conference at 1, ECF No. 53.) The conference was scheduled to take place on August 26, 2013, at 9:30 a.m., in Courtroom 3B, Warren E. Burger Federal Building and U.S. Courthouse, 316 North Robert Street, Saint Paul, Minnesota. (*Id.*) The Notice included the requirement that "if individuals are parties to this case, they <u>shall</u> be present" (*Id.*) (emphasis in original). The Notice also included the warning: "Failure of a party to appear, without prior permission, may result in sanctions against the party and counsel." (*Id.*) Kridner and her attorney appeared at the settlement conference, but the Daughters did not attend or otherwise participate. (Court Minutes at 1, Aug. 26, 2013, ECF No. 54.) Neither Kridner's counsel nor the Court received any communication from the Daughters regarding the settlement conference, despite the Notice's requirements that the parties meet and confer ten days before the conference and that the parties submit a confidential letter to the Court one week before the conference. (Notice of Settlement Conference at 1-2.)

**II. Discussion**

Courts are authorized to sanction parties who fail to obey pretrial orders. Fed. R. Civ. P. 16(f)(1)(C). One sanction available is the rendering of a default judgment against a disobedient party. Fed. R. Civ. P. 37(b)(2)(A)(vi). Such default judgments have been upheld by the Eighth Circuit as appropriate when clients fail to participate in litigation after their counsel withdraws, including failing to attend a settlement conference. *Ackra Direct Marketing Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("Conduct include[ing] complete failure to respond to the magistrate judge's discovery order and other orders, failure to comply with pretrial

requirements, and failure to attend the final pretrial/settlement conference . . . are certainly grounds for default judgment") (citing, *inter alia*, *McGrady v. D'Andrea Elec. Inc.*, 434 F.2d 1000, 1001 (5th Cir. 1970) (upholding default judgment against a party for not appearing at a pretrial conference)). When sanctioning a disobedient party, it is within the court's discretion to "choose the most appropriate sanction under the circumstances." *Keefer v. Provident Life & Accident Ins. Co.*, 238 F.3d 937, 941 (8th Cir. 2000) (citation omitted).

The Court recommends that default judgment is the most appropriate sanction for the Daughters' failure to comply with the Court's deadlines and their failure to appear at the settlement conference. The Daughters did not comply with the Court's Order of February 28, 2013, requiring them to notify the Court by March 20, 2013, of either their retention of substitute counsel or their intention to proceed pro se. With respect to the settlement conference, the Daughters were mandated to appear and were given notice that they may be sanctioned for failure to appear. There is a history of the Daughters' failure to participate in this case, and it is abundantly clear that the Daughters have chosen to cease defending their position in this litigation, with or without an attorney. It is best for all if closure is brought to this matter.

This recommendation does not, however, signal willingness to suggest an award for costs or fees as part of any sanction. The idea of finding oneself in federal litigation after the loss of a family member is unquestionably difficult for all involved. It is understandable that some choose simply not to engage in the dispute anymore. Accordingly, the Court recommends that default judgment be entered in favor of Defendant Sheila I. Kridner and that the amount deposited with the Court be disbursed to her.

**III. Recommendation**

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED** that:

1. Default judgment be entered against Karen M. Roberts, Lisa A. Curtis, and Cynthia L. Goergen, and in favor of Sheila I. Kridner;

2. The Clerk be directed to disburse a check from the Registry of the Court for the sum of $101,084.90, plus any and all earned interest, payable to Sheila I. Kridner and sent to her in the care of her attorney, Paul R. Smith, Larkin Hoffman Daly & Lindgren Ltd, 7900 Xerxes Ave South, Suite 1500, Minneapolis, MN;

3. Plaintiff's attorney be directed to complete a Withdrawal Payee Information form in accordance with District of Minnesota Local Rule 67.2;

4. The Clerk's Office be instructed to mail a copy of this Report and Recommendation and any subsequent Order directly to Karen M. Roberts, Lisa A. Curtis, and Cynthia L. Goergen, at the addresses of record; and

5. **JUDGMENT BE ENTERED ACCORDINGLY**.


Dated: September 11, 2013            *s/ Jeanne J. Graham*
                                     JEANNE J. GRAHAM
                                     United States Magistrate Judge


**NOTICE**

Pursuant to District of Minnesota Local Rule 72.2(b), any party may object to this Report and Recommendation by filing and serving specific, written objections by **September 30, 2013.** A party may respond to the objections within fourteen days after service thereof. Any objections or responses shall not exceed 3,500 words. The district judge will make a de novo determination of those portions of the Report and Recommendation to which objection is made.